IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1997 SESSION

FILED

September 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

JOHNNY MOFFITT,               )
                              )
            APPELLANT,        )
                              )     No. 02-C-01-9609-CC-00304
                              )
                              )     Henderson County
v.                            )
                              )     Julian P. Guinn, Judge,
                              )     Sitting by Designation
                              )
                              )     (Post-Conviction Relief)
STATE OF TENNESSEE,           )
                              )
            APPELLEE,         )


FOR THE APPELLANT:                    FOR THE APPELLEE:

Lloyd R. Tatum                        John Knox Walkup
Attorney at Law                       Attorney General & Reporter
124 East Main Street                  500 Charlotte Avenue
Henderson, TN 38340                   Nashville, TN 37243-0497

                                      Deborah A. Tullis
                                      Assistant Attorney General
                                      450 James Robertson Parkway
                                      Nashville, TN 37243-0493

                                      James G. Woodall
                                      District Attorney General
                                      P.O. Box 2825
                                      Jackson, TN 38302-2825

                                      Alfred L. Earls
                                      Assistant District Attorney General
                                      P.O. Box 2825
                                      Jackson, TN 38302-2825


OPINION FILED:_____


REVERSED AND REMANDED


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Johnny Moffitt (petitioner), appeals as of right from a judgment of the trial court dismissing his suit for post-conviction relief following an evidentiary hearing. The trial court found the grounds asserted by the petitioner had been waived because he failed to include the grounds in a prior suit for a writ of habeas corpus in the Federal District Court for the Western District of Tennessee, which was determined upon the merits. The court further found that if the suit was considered on the merits of the grounds asserted, the petitioner would not be entitled to relief from his conviction. In this Court, the petitioner contends the failure of the trial court to instruct on the defense of alibi constituted a denial of federal and state due process and was the result of ineffective assistance of counsel. He further contends he has neither previously litigated nor waived this issue. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this Court the judgment of the trial court should be reversed and this cause remanded to the trial court for the reasons hereinafter set forth in this opinion.

The petitioner was tried and convicted of murder in the first degree by use of a deadly weapon and shooting into an occupied dwelling. He was sentenced to life plus five (5) years for first degree murder, and he was sentenced to six (6) years for shooting into the dwelling. This Court affirmed his convictions and sentences. State v. Johnny Moffitt, Henderson County No. 7 (Tenn. Crim. App., Jackson, December 5, 1990), per. app. denied (Tenn., March 4, 1991). On April 11, 1991, the petitioner sought a writ of habeas corpus in the United States District Court for the Western District of Tennessee. The petitioner raised the issue of alibi in the petition. He did not raise the question of whether his denial of an instruction constituted a denial of due process or whether it resulted from the ineffective assistance of trial counsel. On December 2, 1992, the magistrate filed his report recommending the petitioner's suit be dismissed based upon the merits. The district court judge adopted the magistrate's report and dismissed the petition on February 17, 1993, after thorough consideration of the grounds raised in the petition. The present post-conviction suit was filed March 4, 1993.

The evidence presented by the State of Tennessee during the trial of this case was entirely circumstantial. The transcript of the trial proceedings reveals the petitioner had threatened to kill the victim. Moreover, there was a history of discord between the petitioner, his former wife, and the family. The victim was the brother of the petitioner's former wife.

The 9mm shell casing found in the petitioner's yard and the shell casings found at the situs of the crime were fired from the same weapon. An officer had previously been to the petitioner's residence. He saw a 9mm pistol inside the residence. Another officer saw the petitioner purchase 9mm cartridges in a Jackson, Tennessee gun store prior to the murder. The victim died from multiple gunshot wounds caused by 9mm projectiles.

A search of the defendant's residence pursuant to a search warrant did not reveal a 9mm pistol or ammunition for a 9mm pistol. Later, the petitioner gave the officers a 9mm pistol with empty cartridges for examination by the state.

A state's witness testified she saw a male enter the victim's residence just before the shooting resulting in the death of the victim. The man had an orange piece of clothing over his arm. However, the description of the person she saw compared to the defendant was hotly disputed. In this Court's previous decision, this Court said:

> There was a dispute as to whether or not her description fit the defendant, and this witness in fact testified on cross-examination that the characteristics of the person whom she observed on the day of the murder did not match or resemble the defendant's. This witness further testified that she heard what she thought were several gunshots and then shortly thereafter saw the same individual she had described leave in his car.

State v. Johnny Moffitt, Henderson County No. 7, slip op. at 4-5.

A state's witness, Richard Baxter, gave evidence which would support a defense of alibi. Baxter testified he was with the petitioner from 6:45 a.m. until "around lunchtime" on the date of the murder. He claimed he went to the petitioner's residence where he and the petitioner ate breakfast, talked, and drank alcoholic beverages before parting company at approximately 1:00 p.m. Baxter subsequently had a confrontation with John Threadgill, who was operating a backhoe. The backhoe was blocking the roadway. Threadgill and Baxter had a heated argument regarding the location of the backhoe. This argument led

2

to a fight. Threadgill estimated the confrontation and subsequent fight occurred between 1:00 p.m. and 2:00 p.m.

The medical examiner testified as a prosecution witness. He opined the victim died between 11:00 a.m. and 1:00 p.m. He related the death could not have occurred after 1:00 p.m.

The trial court was prepared to instruct the jury on the defense of alibi. The State of Tennessee objected to this instruction being included in the charge. The assistant district attorney general argued the defense of alibi had not been fairly raised by the evidence. Defense counsel agreed the alibi defense had not been fairly raised by the evidence. The trial court agreed with counsel. The court did not instruct the jury on the defense of alibi.

In order for the petitioner to be granted relief on grounds of ineffective counsel, he is required to establish by a preponderance of the evidence the advice given or the services rendered were not within the range of competence demanded of attorneys in criminal cases and that, but for counsel's deficient performance, the result of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). In Strickland, the standard of review on the issue of assistance of counsel was stated as follows:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. To establish prejudice, any failure in the performance of counsel "must be significant, but it does not necessarily follow that the trial would have otherwise resulted in an acquittal." State v. Zimmerman, 823 S.W.2d 220, 224 (Tenn. Crim. App. 1991).

This Court is of the opinion the record establishes that the petitioner was denied his

3

constitutional right to the effective assistance of counsel by counsel's statement an alibi defense had not been fairly raised by the evidence. The evidence fairly raised the issue of alibi, and defense counsel should have insisted that the trial court instruct the jury on the defense of alibi. This Court is of the opinion this case should be remanded to determine whether the petitioner was prejudiced within the meaning of Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
GARY R. WADE, JUDGE


_____
CURWOOD WITT, JUDGE

4